IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HOTWELL US, LLC,**<br>a Delaware corporation,<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**HOTWELL LOGGING SERVICES SRL,**<br>a Romanian Societate cu Răspundere Limitată,<br><br>    **Defendant.** | Case No. _____<br><br>**VERIFIED COMPLAINT**<br><br><br><br>**Demand for Jury Trial** |

## VERIFIED COMPLAINT

For its Verified Complaint, HOTWELL US, LLC ("Plaintiff") alleges as follows:

1. This is an action for trademark infringement and unfair competition under the laws of the United States and the laws of the State of Texas.

## Parties

2. Plaintiff Hotwell US, LLC is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 15905 Waverly Drive, Houston, Texas, 77032.

3. Defendant Hotwell Logging Services SRL ("Defendant") is a Societate cu Răspundere Limitată organized under the laws of Romania, with offices at Strada Orizontului Nr. 2, Campina, Judet Prahova, 105600, Romania, and at Oedenburger Strasse 6, A-7013 Klingenbach, Burgenland, Austria.

**Jurisdiction and Venue**

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1338(a) as a federal question pertaining to trademarks. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claim for unfair competition pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because this claim is so related to the federal trademark infringement claim that it forms part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant has committed and intends to commit acts of infringement here, and/or upon information and belief, maintains an agent with a regular and established place of business here for purposes related to this matter, and is thus subject to personal jurisdiction in this judicial district.

**Facts**

A. **Plaintiff's Rights**

6. Plaintiff is the owner of all right, title, and interest in and to the HOTWELL trademark and service mark (the "Mark"), which Plaintiff and its predecessor in interest have used in U.S. commerce since at least as early as 2007 in connection with, *inter alia*, well logging goods, and since at least as early as April, 2007 in connection with, *inter alia*, well logging and related consulting services.

7. Plaintiff is also the owner of all right, title, and interest in and to the composite trademark and service mark,  (the "Design Mark")

(collectively, with the Mark, the "Marks"), which Plaintiff and its predecessor in interest have used in U.S. commerce since at least as early as 2007 in connection with, *inter alia*, well logging goods, and since at least as early as April, 2007 in connection with, *inter alia*, well logging and related consulting services.

8.  Plaintiff uses, advertises and promotes its Marks in connection with well logging goods and services, and goods and services related thereto, on its website, accessible at www.hotwellus.com. Representative pages from Plaintiff's website, reflecting Plaintiff's use of the Marks, are attached hereto as Exhibit A.

9.  As a result of Plaintiff's widespread use, advertising, and promotion of its Mark and Design Mark, in connection with well logging goods and services, as well as goods and services related thereto, the Marks have become distinctive indicators of the origin of Plaintiff's goods and services, have acquired a favorable reputation among relevant members of the purchasing public and have become valuable symbols of Plaintiff's goodwill.

10. Plaintiff is the owner of an incontestable federal registration for the Mark, Registration No. 3,598,404, for "Well logging; consulting services in the field of geoscience," in International Class 42 (registration dated March 31, 2009).

11. Plaintiff is also the owner of an incontestable federal registration for the Design Mark, Registration No. 3,605,555, for "Well logging; consulting services in the field of geoscience," in International Class 42 (registration dated April 14, 2009).

12. Plaintiff is the owner of a federal registration for the Mark, Registration No. 4,491,781, for "Well logging equipment, namely, well drilling machines," in International Class 7 (registration dated March 4, 2014).

13. Plaintiff is the owner of a federal registration for the Design Mark, Registration No. 4,491,782, for "Well logging equipment, namely, well drilling machines," in International Class 7 (registration dated March 4, 2014).

14. The registrations referenced in Paragraphs 10 through 13 (the "Registrations") are valid and subsisting. Documents downloaded from the U.S. Patent and Trademark Office Trademark Status & Document Retrieval database reflecting the current status and ownership of the Registrations are attached hereto as Exhibit B.

15. The Registrations provide evidence of Plaintiff's ownership of the Mark and the Design Mark, of the validity of the Marks, and of Plaintiff's exclusive right to use the Marks in U.S. commerce in connection with the goods and services identified in the Registrations.

**B. Defendant's Past and Current Infringing Use**

16. Defendant has used and continues to use Plaintiff's Marks, without authorization by Plaintiff, in connection with goods and services identical to or highly related to Plaintiff's well logging goods and services, in the U.S. and various foreign territories, including via Defendant's website, accessible at www.hotwell.at ("Defendant's Website"). A screenshot of representative pages from Defendant's Website, reflecting Defendant's use of Plaintiff's Marks, is attached hereto as Exhibit C.

17. On information and belief, Defendant has also used Plaintiff's Marks and capitalized on the goodwill therein to entice potential clients and consumers of Defendant's well logging goods and services, in private meetings held at various locations in the United States.

18. The "Home | Contact | Hotwell Worldwide" page of Defendant's Website provides information for a representative (Global Downhole Tools Inc.) through which, upon information and belief, Defendant offers well logging goods and services in the United States that are identical and/or highly related to Plaintiff's well logging goods and services, under Plaintiff's Marks. A screenshot of that page is attached hereto as Exhibit D.

19. All of the foregoing use by Defendant is without authorization by Plaintiff.

20. Defendant's website also contains a page for an entity identified as "Hotwell USA" (the "Hotwell USA Page"). A screenshot of the Hotwell USA Page is attached hereto as Exhibit E.

21. The address provided on the Hotwell USA Page is Plaintiff's address.

22. The phone number provided on the Hotwell USA Page is Plaintiff's phone number.

23. The fax number provided on the Hotwell USA Page is Plaintiff's fax number.

24. The email address provided on the Hotwell USA Page is Plaintiff's email address.

25. The website URL provided on the Hotwell USA Page is the URL for Plaintiff's website.

26. Plaintiff's Marks are prominently displayed, without authorization by Plaintiff, in connection with well logging goods and services identical and/or highly related to Plaintiff's

well logging goods and services, on every page of Defendant's Website, including the Hotwell USA Page.

### C. Defendant's Imminent Infringing Use: OTC 2017

27. Defendant intends to exhibit its well logging goods and services, under Plaintiff's Marks, without authorization by Plaintiff, at next week's Offshore Technology Conference ("OTC"), scheduled for May 1, 2017 through May 4, 2017, at NRG Park in Houston, Texas ("OTC 2017).

28. According to the OTC 2017 website, accessible at 2017.otcnet.org, the annual OTC event is "the largest event in the world for the oil and gas industry featuring more than 2,300 exhibitors, and attendees representing 100 countries." A screenshot of the OTC 2017 website home page is attached hereto as Exhibit F.

29. According to a press release issued by OTC on or about May 5, 2016, "[m]ore than 68,000 attendees from 120 countries gathered at the annual conference" in 2016. A printout of the press release, from the conference's general website (www.otcnet.org), is attached hereto as Exhibit G.

30. The OTC 2017 website contains a link to "FIND EXHIBITORS." A search for "Hotwell" on the linked "Exhibitor List Index" page returns two listings: "Hotwell" and "Hotwell US." A screenshot of the search result page is attached hereto as Exhibit H.

31. As indicated by the search results shown in Exhibit H, Defendant has registered to exhibit at the conference under the name and mark "Hotwell". A screenshot of Defendant's exhibitor page, accessible via the OTC 2017 website is attached hereto as Exhibit I.

32. Plaintiff also has registered and intends to exhibit its well logging goods and services under its Marks at OTC 2017. A screenshot of Plaintiff's exhibitor page, accessible via the OTC 2017 website, is attached hereto as Exhibit J.[1]

### D. Defendant's Intentional Infringement

33. Notwithstanding Plaintiff's prior rights in the Marks in connection with well logging equipment and services, and goods and services related thereto, Defendant, since its founding in 2015, has made unauthorized use of the Marks in the U.S. and internationally in connection with well logging goods and services identical and/or highly related to Plaintiff's well logging goods and services.

34. Defendant knew of Plaintiff's prior rights in the Marks in connection with well logging equipment and services, and goods and services related thereto, when Defendant initiated its unauthorized use of the Marks.

35. Defendant knew of Plaintiff's prior rights in the Marks in connection with well logging equipment and services, and goods and services related thereto, when Defendant registered as an exhibitor at OTC 2017 to promote its identical and/or highly related well logging goods and services under the Marks.

---

[1] According to the Online Space Application available on the OTC 2017 website, the most expensive exhibitor booth pricing costs 36 dollars per square foot. Per the OTC 2017 Floor Plan, also available on the OTC 2017 website, the booth reserved by Defendant totals 200 square feet, at a maximum cost of $7200. A screenshot of the Online Space Application is attached hereto as Exhibit K. A screenshot of the OTC 2017 Floor Plan, reflecting the placement and specifications of Defendant's booth, is attached hereto as Exhibit L.  A wider screenshot of the Floor Plan, showing the relation of Defendant's booth to Plaintiff's booth, is attached hereto as Exhibit M.

## COUNT I
## TRADEMARK INFRINGEMENT
## OF FEDERALLY REGISTERED TRADEMARKS
## UNDER THE LANHAM ACT, 15 U.S.C. § 1051 *et seq.*

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff owns federal trademark registrations for the Marks.

38. Defendant's use of Plaintiff's Marks for its well logging goods and services is without Plaintiff's approval or authorization.

39. Defendant is using Plaintiff's Marks in connection with well logging goods and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods and services.

40. Moreover, Defendant's conduct has caused and will continue to cause confusion among the general public as to the source of Plaintiff's goods and services and will cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

41. Upon information and belief, Defendant's acts complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

42. Based on the foregoing, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

43. Plaintiff re-alleges and incorporates paragraphs 1 through 42 as if fully set forth herein.

44. The Marks have become uniquely associated with and identify Plaintiff's goods and services.

45. Defendant's unauthorized use of Plaintiff's Marks to promote, market, or sell its goods and services in competition with Plaintiff's services constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

46. Defendant's unauthorized use of the Marks creates a false designation of origin, and false or misleading descriptions or misrepresentations of fact and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendant by Plaintiff, or vice versa.

47. Defendant has falsely represented that its business is legitimately connected with Plaintiff's, or emanates from or is authorized, sponsored, or approved by Plaintiff, or vice versa, in violation of 15 U.S.C. § 1125(a).

48. Defendant's infringing conduct has caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

49. Upon information and belief, Defendant's acts complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

50. Plaintiff has suffered damages as a result of Defendant's violation of 15 U.S.C. § 1125(a).

## COUNT III
## UNFAIR COMPETITION UNDER TEXAS LAW

51. Plaintiff re-alleges and incorporates paragraphs 1 through 50 as if fully set forth herein.

52. Defendant's wrongful acts constitute a bad faith misappropriation of the labors and expenditures of Plaintiff in its Marks.

53. Defendant's wrongful acts are likely to cause confusion, deceive the general public as to the origin of Defendant's and/or Plaintiff's goods and services, and/or to lead to a mistaken perception among consumers of an affiliation or association between Plaintiff and Defendant, or of an endorsement by Plaintiff of Defendant.

54. Defendant's acts have caused and, unless enjoined, will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

55. Upon information and belief, Defendant's acts complained of herein are and were intentional, wanton, willful, and committed in bad faith and with the intent to confuse and deceive the public.

## **RELIEF REQUESTED AS TO ALL COUNTS**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

a) That Defendant, its agents, officers, servants, employees, and affiliates, and all those persons in active concert or participation with them, be temporarily restrained, and thereafter preliminarily and then permanently enjoined from:

(1) Using the **HOTWELL** Marks, or any elements or design components thereof, or any other elements or designs confusingly similar thereto, as a service mark, trademark, trade name, domain name, or component thereof, or otherwise to market, promote, advertise, or identify Defendant's goods and services;

(2) Otherwise infringing the **HOTWELL** Marks; and

(3) Using misleading advertising to suggest endorsement by Plaintiff of Defendant's goods and/or services when no such endorsement exists.

b) Pursuant to 15 U.S.C. §§ 1114, 1117 and the common law, Plaintiff be awarded its damages, Defendant's profits, and Plaintiff's attorneys' fees and costs, and that this award of damages be trebled.

c) That Defendant be ordered to transfer to Plaintiff the registration for any domain name owned or used by Defendant, its agents, officers, servants, employees, and affiliates, and/or all those persons in active concert or participation with them, comprised of or containing the **HOTWELL** mark or any colorable imitation thereof.

d) That Defendant be required to recall and deliver up and destroy all literature, advertising, promotional materials, and other material bearing the term **HOTWELL** or any design component of the Marks, or any other confusingly similar term.

e) Such other and further relief as this Court may deem just and proper.

11

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated:  April  26, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ L. Bradley Hancock*

L. Bradley Hancock
1100 Louisiana Street, Suite 4300
Houston, TX 77002
713.244.6868
brad.hancock@hklaw.com

Merri C. Moken
31 West 52nd Street
New York, NY 10019
212.513.3383
merri.moken@hklaw.com

Daniel C. Neustadt
800 17th Street NW, Suite 1100
Washington, DC 20006
202.469.5163
dan.neustadt@hklaw.com

*Attorneys for Plaintiff*

## VERIFICATION

Pursuant to 28 U.S.C. §1746, Michael F. Miller, declares under the penalty of perjury:

1. I am General Counsel for Plaintiff Hotwell US, LLC;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on personal knowledge and on documents and information obtained from employees and representatives of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Date: April 26, 2017
San Diego, California

Michael F. Miller